UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale)

CASE NUMBER

JEFFERY R. BELL,

      Plaintiff,

v.

GREGORY TONY, in his official capacity
as Sheriff of Broward County,

      Defendant.

_____/

## VERIFIED COMPLAINT

Plaintiff, JEFFERY R. BELL through undersigned counsel, hereby sues Defendant, GREGORY TONY, in his official capacity as the Sheriff of Broward County and, and states the following:

## INTRODUCTION

This is a case about the scope of free speech during an unprecedented time in our nation's history, while a pandemic of COVID-19 viral infections kills thousands every day. The scourge has infected Florida, as well as every other state. Businesses, schools, sports activities, and even courts are closed or operating on limited schedules, while the populace is instructed to "shelter in place" and to wear a mask when venturing out, among other restrictions.  Jeffery Bell, a Broward County Sheriff's deputy of 24 years and President of the collective bargaining unit of deputies and sergeants, the International Union of Police Associations Local 6020, spoke out about the perils of the Coronavirus pandemic facing law enforcement first responders. In his capacity as Union President,

Bell complained publicly that the Sheriff has failed to provide a sufficient supply of personal protective equipment for members of the union, Bell voiced his opinion that the Sheriff's Office was unprepared for the pandemic and that the Sheriff's public statements to the contrary were false and dangerous to deputies and the community they serve.

On April 10, 2020, the Sheriff suspended Bell because of his speech. , contending that Bell's statements were false and constituted "conduct unbecoming." a Broward Sheriff's Office ("BSO") employee. The terms of the suspension suppress Bell's public speech, or he risks more severe adverse action, and are unclear as to whether he may speak privately with union members, if  not publicly. In this action brought pursuant to 42 U.S.C. § 1983, Bell seeks declaratory relief regarding the constitutionality of the restrictions that have been imposed on him, and an injunction against the Broward Sheriff's Office, seeking reinstatement and a lifting of the restrictions imposed.

## JURISDICTION AND VENUE

1.      This a federal claim brought under 42 U.S.C. § 1983.  The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff seeks declaratory and injunctive relief under 28 U.S.C. § 2201 and § 2202, respectively.

2.      Venue is proper in the Southern District of Florida because the Sheriff conducts his business in this district, and the facts giving rise to the claims alleged occurred in this district.

## PARTIES

4.      Plaintiff, Jeffery Bell, and has been a Broward Sheriff's Deputy for over 24 years. He is also the duly elected President of the International Union of Police Associations ("IUPA") Local 6020. Bell holds a special designated status within the

Sheriff's Office because he holds a "full release position" from his law enforcement duties as a traditional deputy, in order to be a full time labor union president. Article 9 of the Collective Bargaining Agreement ("CBA") between the Sheriff and the Deputies' Union recognizes Bell's status.

5.      IUPA is the registered collective bargaining unit between the Broward Sheriff's Office and the union of deputies and sergeants in the Broward Sheriff's Office.

6.      Defendant, Gregory Tony, is the Sheriff of Broward County. He is now a candidate for Sheriff of Broward County in the 2020 election. He is sued in his official capacity, and this is therefore a suit against the Sheriff's Office. *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L.Ed.2d 114 (1985).

7.      The Broward Sheriff's Office is a full-service, public safety agency in Broward County. It provides full-time law enforcement services in 14 Broward cities and towns and all of its unincorporated areas. Additionally, it protects the Broward County courthouses, the Fort Lauderdale-Hollywood International Airport, areas of the Everglades, including Port Everglades. It administers special law enforcement services to other law enforcement agencies in the county, in addition to running the County jail system.

## STATEMENT OF FACTS

8.      On March 1, 2020, Florida Governor Ron DeSantis declared a Public Health Emergency due to COVID-19 pandemic (also known as Coronavirus).

9.      On March 9, 2020, Governor DeSantis declared a State of Emergency and issued Executive Order 20-52.

10.     On March 10, 2020, Broward County Administrator Bertha Henry declares a local state of emergency due to COVID-19.

11.     On March 11, 2020, the World Health Organization declared a global pandemic due to the spread of COVID-19.

12.     Being union president is a full time job.  Plaintiff speaks daily with union members about concerns and complaints, processes membership requests, sends communications to members, processes grievances regarding unfair labor practices, assist in employee arbitrations, hires legal counsel for its members, represents members in disciplinary hearings at the Public Safety Commission, develops and maintain membership benefits, and acts as the public voice of the union and its members, with the public and the news media.

13.     Due to the national pandemic emergency of the coronavirus outbreak, Plaintiff has been expressing his concern on behalf of the Union and its members that Sheriff's Deputies do not have sufficient personal protective equipment ("PPE") to guard themselves against exposure to the coronavirus.

14.     On March 16, 2020, an agent of the Sheriff sent an email to Plaintiff, threatening him with employment discipline if he were to appear on a radio show and speak about the lack of personal protective equipment available to deputies of the Sheriff's Office. *See* Exhibit – 1.

15.     Plaintiff appeared on the radio show, but self-censored because of the threat to his employment status.

16.     From March 16, 2020 to March 31, 2020, there were continued discrepancies between the Sheriff's pronouncements about the number of PPE distributed

to various districts of the Sheriff's Office and the accurate number of PPE. *See* Exhibit – 2.

17.     On March 23, 2020, Plaintiff again emailed the Sheriff regarding the inadequate supply of PPE for deputies, and the Union's efforts to help obtain PPE and other supplies from vendors. *See* Exhibit – 3.

18.     On March 27, 2020, four BSO employees tested positive for COVID-19.

19.     On April 2, 2020, the Sheriff held a press conference and inaccurately stated that no dispatchers were sick and only ten BSO employees were positive for COVID-19, when in actuality twenty employees had tested positive, and dispatchers had been evacuated from the Sunrise communications center the night before. The Sheriff later admitted that his earlier statements to the media had been inaccurate.

20.     On April 4, 2020, a Broward Sheriff's deputy died from the coronavirus.

21.     On April 6, 2020, Plaintiff wrote an opinion piece for the Sun Sentinel newspaper about the peril deputies faced because of the lack of PPE to protect them from exposure to the coronavirus. The Sun Sentinel published Plaintiff's opinion piece. *See* Exhibit – 4.

22.     On April 10, 2020, Plaintiff wrote a "whistleblower" letter, pursuant to Florida Statute Section 112.3187(6) (2019), and sent it via email to the Sheriff in an effort to get a face to face meeting to discuss the pressing issues surrounding PPE and its availability to deputies. *See* Exhibit – 5.

23.     On the same day that Plaintiff sent his whistleblower letter, April 10, 2020, he was suspended as a Broward Sheriff's deputy.

24.     On April 10, 2020, an "Internal Memo" from General Counsel from the Sheriff's Office advised Plaintiff that because he was suspended he was no longer permitted to act as Union President because he lost his "full release" status. *See* Exhibit -- 6 at 1.

25.     On April 10, 2020, Plaintiff was advised that he was the subject of an Internal Affairs investigation.  Plaintiff is alleged to have violated BSO policies relating to truthfulness, corrupt practices, employee statements, conduct unbecoming and employee, and discretion. *See* Exhibit – 6 at 2.

26.     Plaintiff was suspended with pay. In addition to losing his position as Union President, he had to turn in his BSO issued badge, gun, and equipment. He cannot act as a law enforcement officer even off duty. He has to check in twice a day with the Internal Affairs division during specified hours.

### First Claim for Relief  – Declaratory Judgment

27.     Plaintiff realleges paragraphs 1 to 26 as if they were fully repeated herein.

28.     Plaintiff has been suspended with pay as a Sheriff's deputy based upon his free speech rights under the First Amendment. Because Plaintiff is suspended he is being punished for doing his job as President of the Union, which is to advocate for the rights and safety of Union members. Because he is suspended and must report to the Division of Internal Affairs, he technically is assigned to that Division and not the Union. Plaintiff is uncertain whether he must remain at home during work hours. The purpose of reporting to Internal Affairs twice a day is to ensure Plaintiff is home during work hours. It is unclear whether he can go to the IUPA office and meet and confer with members, union employees, and conduct other Union business. It is unclear whether he can conduct any

Union business at all based upon his suspension as a deputy who was designated a special full release status to the Union, pursuant to the Collective Bargaining Agreement. *See* Exhibit – 7 at 14-15. Defendant never made it clear the extent or limits of Plaintiff Bell's suspension nor how it intersects with his business as union president. Furthermore, any further violation of BSO policies and procedures threatens additional employment disciplinary action.

Wherefore, Plaintiff respectfully requests the Court to grant the following:

    a.  Assume jurisdiction over these causes of action.

    b.  A declaration pursuant to 28 U.S.C. §§ 2201-02 that the acts of the Defendants violate the First Amendment rights of Plaintiff;

    c.  Award Plaintiff his Attorneys' fees and costs, pursuant to 42 U.S.C. § 1988.

    d.  Such other additional relief that the Court deems just and reasonable.

**<u>Second Claim for Relief – Preliminary and Permanent Injunctive Relief</u>**

29.    Plaintiff realleges paragraphs 1 to 28 as if they were fully repeated herein.

30.    Plaintiff has been suspended with pay. He holds a unique full release position as a Sheriff's deputy. Based upon his full release to the Union, his related speech rights regarding public matters are implicated under the First Amendment. Because Plaintiff is suspended he is being punished for doing his job as president of the Union. Because he is suspended and must report to the Division of Internal Affairs, he technically is assigned to that Division and not the Union.

31.    Plaintiff has a First Amendment right to assemble with his union membership.

32.     Plaintiff has a First Amendment right to speak freely about issues of public concern relating to the Union and its members, even if critical of the Sheriff.

33.     The Sheriff suspended Plaintiff with pay and ordered the investigation of Plaintiff in violation of Plaintiff's exercise of his First Amendment rights. Furthermore, any further violation of BSO policies and procedures threatens additional employment disciplinary action.

Wherefore, Plaintiff respectfully requests the Court to grant the following:

    a.  Assume jurisdiction over these causes of action.

    b.  An injunction pursuant to 28 U.S.C. §§ 220e reinstating Plaintiff as a deputy to his full release position, who can operate and function as president of the Broward Sheriff's Deputies Union, IUPA. And speak freely about issues of public concern.

    c.  Enjoin Sheriff Gregory Tony and his agents from disciplining Plaintiff or continuing or threaten disciplining Plaintiff for exercising his First Amendment rights attached to his role as union president.

    d.  Award Plaintiff his Attorneys' fees and costs, pursuant to 42 U.S.C. § 1988.

    e.  Such other additional relief that the Court deems just and reasonable.

Respectfully submitted,

BUSCHEL GIBBONS, P.A.
Attorneys for Plaintiff
100 S.E. Third Ave., Suite 1300
Fort Lauderdale, FL 33394
Tel: (954) 530-5301
Email: Buschel@BGLaw-pa.com

By: _____/s/_____

ROBERT C. BUSCHEL
Fla. Bar No: 0063436

EUGENE G. GIBBONS
Fla. Bar No: 839981

STATE OF FLORIDA

COUNT OF BROWARD

## **VERIFICATION OF JEFFERY R. BELL**

I, JEFFERY R. BELL, under penalty of perjury, do hereby depose and testify as follows:

I have personal knowledge of the facts stated above.  I am over the age of 18 years, and am competent to testify concerning the matters referenced above.

In accordance with 28 U.S.C. § 1746, I declare, certify, verify, and state under penalty of perjury that the foregoing is true and correct.

Executed in Broward County, Florida, on April 15, 2020.

_____/s/_____
JEFFERY R. BELL